IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANE LITTLE,

    Plaintiff,

v.                                                                           Case No. 3:15-cv-20

QUIN RIVERS, INC.,

    Defendant.

## OPINION

This matter comes before the Court on the defendant's Rule 12(b)(6) Motion to Dismiss Count II of the plaintiff's complaint. In Count II, the plaintiff, Jane Little, alleges that the defendant, Quin Rivers, Inc., entered into an oral contract with her, but refused to pay her pursuant to the contract. Quin Rivers argues that the statute of limitations for breach of oral contract expired before the plaintiff filed her Complaint, thus barring any relief. The Court DENIES Quin Rivers' motion to dismiss because the record before the Court does not establish the statute of limitations defense.

### I. MATERIAL FACTS

Quin Rivers hired Little as its Chief Financial Officer in 2002. When Little accepted employment, Quin Rivers verbally agreed that she could perform accounting services for outside non-profits on an hourly basis. The outside agencies would pay Quin Rivers for Little's services, and Quin Rivers would pay Little 90% of the collected fees. The parties failed to fix a time for Quin Rivers to pay Little pursuant to the agreement.

In June 2004, Little began providing accounting services for outside agencies and Quin Rivers began receiving payments. Although Little performed outside accounting services at least

until 2012, she has yet to be compensated by Quin Rivers in accordance with the verbal agreement.

Little says that Quin Rivers breached the oral contract in 2004, 2007, 2009, and on March 18, 2014, when its Board voted to deny her payment.[1] Little filed her two-count Complaint on January 9, 2015. In Count II of the Complaint, Little sues for breach of contract for failure to pay her for the outside services.

## II. DISCUSSION[2]

Virginia law requires three elements to establish a breach of contract: "(1) 'a legal obligation of a defendant to the plaintiff,' (2) 'a violation or breach of that right or duty,' and (3) 'a consequential injury or damage to the plaintiff.'" *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 546 (1989) (quoting *Caudill v. Wise Rambler*, 210 Va. 11, 13 (1969)). A three-year statute of limitations governs oral contracts. Va. Code § 8.01-246(4). This limitations period begins running "the moment the cause of action accrues," and not when the plaintiff discovers her injury. *Richmond Redevelopment & Hous. Auth. v. Laburnam Const. Corp.*, 195 Va. 827, 838 (1954); *see Informatics Applications Gr., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 416 (E.D. Va. 2011) (finding that the claim was not time-barred because it was filed within the limitations period after the cause of action accrued). Because Virginia courts

---

[1] It is unclear why Little thinks the breaches occurred on these dates as opposed to some other times when she was not paid.

[2] A Rule 12(b)(6) motion to dismiss "tests the sufficiency of the complaint." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952-53 (4th Cir. 1992). *Id.* In considering a Rule 12(b)(6) motion, the court must accept all facts stated in the complaint as true. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Additionally, the court should construe all facts in favor of the plaintiff, without legal conclusions. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A complaint survives a motion to dismiss by providing facts that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

strictly adhere to the statute of limitations, the plaintiff may only recover if she files her claim within three years of the cause of action arising. Va. Code § 8.01-230; *see Burns v. Stafford County*, 227 Va. 354, 359 (1984).

### A. Analysis

The contract between Quin Rivers and Little is set for an indefinite term, and does not specify a time for Quin Rivers' performance. When a contract fails to designate a time for performance, each party must fulfill its contractual obligations within a reasonable time period. It is a factual question when a reasonable time for performance has passed. *See Grossman v. Saunders*, 237 Va. 113, 120-21 (1989) ("[W]hen a contract is silent as to the time within which an act is to be performed, the law implies a reasonable time, and what constitutes a reasonable time is generally an issue to be decided by a properly instructed jury"). While the reasonable date for performance is generally a jury question, in an appropriate case a court may award summary judgment when, as a matter of law, a reasonable date for performance has passed.

### 1. 2014 Breach of Contract

The plaintiff's claim for breach of contract in 2014 is not time-barred by Virginia's three-year statute of limitations for oral contracts. In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the facts alleged in the complaint as true. Accordingly, the Court will assume that a breach of the oral agreement occurred in 2014. Since Little filed her claim for a 2014 breach of contract in 2015, the statute of limitations does not bar the 2014 claim.

### 2. Pre-2012 Breaches of Contract

Based on the record before it, the Court cannot determine when Quin Rivers should reasonably have performed the contract, and thus cannot conclude when the remaining breaches occurred. It is difficult to see how failure to pay for services rendered in 2004, 2007, and 2009

were not reasonably due before 2012—the date the statute of limitations began to run. It is theoretically possible that Little's performance could reasonably have been delayed until 2012, and, therefore, that the statute of limitations does not bar the early claims. A motion for summary judgment may clarify this issue, but until then, the Court cannot dismiss the case.

### III. CONCLUSION

For the reasons stated above, the Court DENIES the defendant's motion to dismiss Count II for failure to state a claim.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: July 14, 2015
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

4